**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>Pratt Holding Company, LLC,<br><br>          Debtor. | Chapter 7<br><br>Case No. 24-10819 (KBO) |
| In re:<br><br>Pratt Industries, LLC,<br><br>          Debtor. | Chapter 7<br><br>Case No. 24-10820 (KBO) |
| In re:<br><br>W. Pratt Leasing, L.L.C.,<br><br>          Debtor. | Chapter 7<br><br>Case No. 24-10821 (KBO) |

**ORDER AUTHORIZING EMPLOYMENT OF KLEHR HARRISON
HARVEY BRANZBURG LLP AS COUNSEL TO ALFRED T. GIULIANO,
CHAPTER 7 TRUSTEE EFFECTIVE AS OF JUNE 9, 2024**

Upon the application (the "Application")[1] of Alfred T. Giuliano, the chapter 7 trustee (the "Trustee") in the above-captioned chapter 7 cases for the entry of an order (this "Order") authorizing the Trustee to retain and employ Klehr Harrison Harvey Branzburg LLP ("Klehr Harrison") as counsel for the Trustee effective as of June 9, 2024, pursuant to sections 327(a), 328(a), and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

Bankruptcy Court for the District of Delaware (the "Local Rules"); and the Court having reviewed

the Application, the Declaration of Morton R. Branzburg, a partner at Klehr Harrison (the

"Branzburg Declaration"), and the Court having found that the Court has jurisdiction over this

matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Trustee having confirmed their consent to

entry of final orders or judgment by this Court pursuant to Bankruptcy Rule 7008 and Local Rule

9013-1(f); and the Court having found that venue of this proceeding and the Application in this

district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found based on

the representations made in the Application and in the Branzburg Declaration that (a) Klehr

Harrison does not hold or represent an interest adverse to the Debtor's estates and (b) Klehr

Harrison is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as

required by section 327(a) of the Bankruptcy Code; and the Court having found that the relief

requested in the Application is in the best interests of the Debtors' estates, their creditors, and other

parties in interest; and the Court having found that the Trustee provided adequate and appropriate

notice of the Application under the circumstances and that no other or further notice is required;

and the Court having reviewed the Application and having heard statements in support of the

Application at a hearing held before the Court (the "Hearing"); and the Court having determined

that the legal and factual bases set forth in the Application and at the Hearing establish just cause

for the relief granted herein; and any objections to the relief requested herein having been

withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing

therefor, it is HEREBY ORDERED THAT:

1.      The Application is granted to the extent set forth herein.

2.      The Trustee is authorized, pursuant to section 327(a) of the Bankruptcy Code, to

retain and employ Klehr Harrison as counsel to for the Trustee effective as of June 9, 2024 to

provide the services described in the Application on the terms and conditions set forth in the Application and in accordance with Klehr Harrison's normal hourly rates and reimbursement policies, as set forth in the Branzburg Declaration.

3.      Compensation to be paid to Klehr Harrison for services to be rendered to the Trustee, plus reimbursement of disbursements provided and incurred in connection with the representation of the Trustee shall be determined by this Court upon appropriate application therefore in accordance with sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules and/or any applicable regulations and orders of this Court.

4.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

Dated: August 7th, 2024
Wilmington, Delaware

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**